IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD BURGESS

                        Plaintiff,

v.

RYAN SHIMA and BRIAN BENISH,

                        Defendants.

OPINION and ORDER

21-cv-401-jdp

---

      Plaintiff Edward Burgess alleges that he fell and was injured after correctional officers refused to help him exit a prison van. Burgess has sued the officers under the Eighth Amendment and Wisconsin negligence law.

      Burgess is represented by counsel and has paid the full filing fee. Dkt. 1. Nevertheless, because Burgess is a prisoner suing government employees, the court must screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. The court will allow Burgess to proceed on his Eighth Amendment claims.

      Defendants move to dismiss Burgess's negligence claims for failure to comply with Wisconsin's notice-of-claim statute. Dkt. 7. The court will grant the motion and dismiss Burgess's negligence claims because service by private courier is not "certified mail," and thus Burgess did not properly serve the notice of claim.

ALLEGATIONS OF FACT

For the purposes of screening the complaint, the court draws the following allegations from Burgess's complaint, Dkt. 1, and accepts them as true. Burgess is a Wisconsin prisoner who has difficulty walking; he suffers from arthritis in his left knee and plantar fasciitis in his right foot. He often requires an assistive device, such as a wheelchair, to move around.

Burgess was incarcerated at Prairie du Chien Correctional Institution from January 2020 until February 2021. Correctional officers were responsible for transporting Burgess to and from appointments to treat his arthritis. He used a wheelchair to go to and from the transport van. Prison employees, including defendants, knew that Burgess couldn't get in or out of the van without their assistance.

On August 3, 2021, defendants Sergeant Ryan Shima and Correctional Officer Brian Benish transported Burgess from the prison to an area hospital for a scheduled cortisone shot. Shima and Benish shackled Burgess's wrists and ankles, placed Burgess in a wheelchair, and wheeled Burgess from the prison gatehouse to the transport van. Shima and Benish placed Burgess in the back seat and drove him to the hospital. The transport van was not handicap accessible.

When Burgess, Shima, and Benish returned from the hospital visit, both Shima and Benish exited the van. They did not help Burgess out of the van. Instead, defendants placed a small stool on the ground outside the van's rear passenger door. Benish walked around to the other side of the van. Shima stood several feet away and told Burgess to exit the van on his own. Both defendants were aware of Burgess's disability and that he was shackled.

Burgess asked for assistance but neither defendant helped. Shima again told him to exit the van as Benish stood by. Burgess attempted to exit the van on his own. When Burgess placed

2

his right foot on the stool, the stool flipped over. His right leg became twisted behind the van seat and he felt his left leg snap.

Burgess was taken by ambulance to the hospital. His left leg had been fractured in two places. Later he had surgery to repair his leg. He has gone through physical therapy, but he continues to have leg pain. He has been confined to a wheelchair since his fall. During a hospital stay to treat his broken leg, Burgess contracted an infection in his leg.

ANALYSIS

A. Eighth Amendment claims

Burgess brings claims against defendants Shima and Benish under 42 U.S.C. § 1983 for violations of the Eighth Amendment. To state a claim, Burgess must allege facts showing that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) defendants consciously disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Burgess's complaint meets that standard. Burgess's alleged facts show that exiting the van unassisted posed a substantial risk of serious harm. Burgess alleges that he had significant difficulty walking and often used assistive devices to get around. He was also shackled, and the stool he was asked to step on was small. Taken together, these facts show that there was a substantial risk that he could fall as he exited the van.

Everyday hazards that could lead to slipping and falling normally don't violate the Eighth Amendment. Some courts have determined that exiting a prison van onto a makeshift stool does not pose a substantial risk of serious harm. *See Henderson v. Brown,* No. 08 C 3172, 2010 WL 3861056, at *4 (N.D. Ill. Sept. 27, 2010) (granting summary judgment on Eighth Amendment claims where shackled plaintiff fell stepping on to milk crate); *Offord v. Stalder*,

3

No. CIV. A. 08-0058-A, 2008 WL 859138, at *2 (M.D. La. Mar. 31, 2008) (dismissing at the screening stage an Eighth Amendment claim where shackled plaintiff fell exiting prison van). However, even everyday hazards can pose a substantial risk of serious harm to a prisoner with a disability. *See, e.g.*, *Grenwalt v. Richardson*, No. 18-cv-581-jdp, 2018 U.S. Dist. LEXIS 175824, at *4 (W.D. Wis. Oct. 12, 2018) (noting that slippery floors can pose a significant risk of serious harm where prisoner has a disability and officials were aware of previous falls). Here, Burgess alleges that he was disabled, presenting a special vulnerability to everyday hazards, which is enough to support the first element of an Eighth Amendment claim.

Burgess has also pleaded facts that would establish the second element, that defendants consciously disregarded the risk that Burgess faced. Defendants knew that Burgess had difficulty walking because defendants used a wheelchair to transport him from the prison to the van. Burgess explicitly asked for help exiting the van several times. The court will allow Burgess to proceed with his Eighth Amendment claims.

**B. Negligence claims**

Burgess also brings state-law negligence claims against Shima and Benish. The facts that Burgess has alleged would also state a claim under Wisconsin negligence law. But defendants move to dismiss the negligence claims because Burgess did not comply with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82. Dkt. 7.

Wis. Stat. § 893.82(5) provides that notice of a state-law claim against a state officer must "be served upon the attorney general at his or her office in the capitol or at the department of justice by personal service or by certified mail." A claimant must "strictly comply with the words in the [notice-of-claim] statute in order to proceed with his or her claim." *Sorenson v. Batchelder*, 2016 WI 34, ¶ 22, 368 Wis. 2d 140, 150, 885 N.W.2d 362, 367. "Wisconsin courts

have equated strict compliance with literal adherence to the words used in the statute." *Id*. Substantial or constructive compliance is not enough. *See id*. at ¶ 30. Compliance is a jurisdictional prerequisite: without it, the court does not have the authority to hear the claim. *Riccitelli v. Broekhuizen*, 227 Wis. 2d 100, 116, 595 N.W.2d 392, 399 (1999).

Burgess concedes that he sent his notice via UPS 2nd Day Air, and he did not use any service offered by the United States Postal Service. Burgess contends that, as used in the notice-of-claim statute, "certified mail" refers to any delivery service that requires proof of delivery in the form of a receipt signed by the addressee. Defendants contend that "certified mail" refers specifically the service of that name offered by the United States Postal Service.

Statutory interpretation begins with the text of the statute, and it ends there if the meaning is plain. *State ex rel. Kalal v. Circuit Court for Dane Cnty.,* 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. The terms of the statute should be given their common meaning unless they are specially defined. *Bruno v. Milwaukee County,* 2003 WI 28, ¶8, 20, 260 Wis. 2d 633, 660 N.W.2d 656. The court concludes that the common meaning of "certified mail" is a class of postal matter delivered by the United States Postal Service; the term does not encompass delivery by a private carrier such as UPS.

Two facts support this reading. First, as defendants note, "Certified Mail" is a registered trademark of the USPS. U.S Trademark Registration No. 5260244. The effect of the trademark registration is that USPS has the presumptively exclusive right to offer mail-related services under that name. Burgess counters that the notice-of-claim statute does not capitalize "certified mail" or include a registered trademark symbol. This means, according to Burgess, that the legislature did not intend to refer specifically to the Certified Mail service offered by the United States Postal Service. The legislature might not have been thinking about trademark rights

when it enacted the notice-of-claim statute, but the fact remains that only the Unites States Post Office has the authority to offer a delivery service with the name "certified mail."

Second, the term "mail" is itself linked to the postal system. *See Mail,* Black's Law Dictionary (11th ed. 2019) ("items that have been properly addressed, stamped with postage, and deposited for delivery in the postal system"); *Mail,* New Oxford American Dictionary (2d ed. 2005) ("letters and packages conveyed by the postal system"). Packages and letters delivered by private couriers such as UPS are not sent through the postal system and thus are not "mail" as commonly defined. It follows that if UPS delivery is not "mail," it cannot be "certified mail."

Burgess contends that the Wisconsin Supreme Court has endorsed a more expansive definition of "certified mail." In a footnote in *Sorenson v. Bachelder*, the court cited Black's Law Dictionary to explain how certified mail differs from personal service: personal service is defined as "[a]ctual delivery of the notice or process to the person to whom it is directed," but certified mail is "[m]ail for which the sender requests proof of delivery in the form of a receipt signed by the addressee." 2016 WI 34, ¶ 24 n.9 (quoting Black's Law Dictionary (9th ed. 2009)). Burgess contends that this footnote means that the court held that "certified mail" refers to any delivery service that requires a signed receipt.

The issue in *Sorenson* was whether personal service satisfied a previous version of the notice-of-claim statute. The court held that it did not. The notice-of-claim statute requires strict compliance, and because the statute specified service by certified mail, personal service was not strict compliance. The supreme court's citation of Black's Law Dictionary shows that a signed receipt is a feature of certified mail. But the court did not pronounce that any delivery service with that feature is certified mail. It's hard to read *Sorenson* as affording any leeway in

6

the manner of serving a notice of claim: "The legislature specifically chose the acceptable mode of service, Wis. Stat. § 893.82(5), and we may not second guess its choice." 2016 WI 34, ¶ 43.

Defendants cite several cases where other courts have held that the term "certified mail" in statute refers only to mail sent through the United States Postal Service, and does not include private delivery services such as UPS. *See, e.g.*, *John Kuhni & Sons Inc. v. Labor Comm'n, Occupational Safety & Health Div.*, 2018 UT App 6, ¶ 16 (collecting cases); *Coburn v. Off. of Comm'r of Railroads*, No. 2015AP173, 2015 WL 13123104, at *1 (Wis. Ct. App. July 13, 2015) ("'certified mail' is generally understood to refer to mail delivered by the United States Postal Service."). These cases are not binding on this court, but they are persuasive. Burgess cites no case that supports the more expansive definition of "certified mail."

The court concludes that the text of the statute is unambiguous and it must enforce the language as commonly understood. But it is worth noting that excluding delivery by UPS from the definition of "certified mail" also advances two purposes of the notice-of-claim statute. First, the certified mailing requirement "allows the attorney general's office to easily identify mail whose contents are legal in nature and require immediate attention." *Kelly v. Reyes*, 168 Wis. 2d 743, 748, 484 N.W.2d 388, 389 (Ct. App. 1992). The attorney general has developed a procedure for receiving notices of claim "under which an authorized agent receives the attorney general's certified mail at a U.S. Post Office branch in Madison, and then delivers it to a single place, the attorney general's Main Street office." *Hines v. Resnick*, 2011 WI App 163, ¶1, 338 Wis. 2d 190, 193, 807 N.W.2d 687, 689. The certified mailing requirement creates a pipeline that helps the attorney general consolidate and identify notices of claim. But notice sent by UPS wouldn't be included in that pipeline; it would necessarily arrive separately from the notices of claim collected through the USPS.

The second purpose of the certified mail requirement is to "promote a simple, orderly, and uniform way of conducting legal business, and to avoid case-by-case litigation over compliance with the notice of claim procedure." *Hines*, 2011 WI App 163, ¶ 26. Burgess's preferred interpretation opens the door to case-by-case disputes over how closely a private delivery mirrors certified mail service by the United States Postal Service.

Ultimately, the rule is a simple one: the notice-of-claim statute requires that notice be served by certified mail. Burgess didn't use certified mail, so this court does not have jurisdiction over his negligence claims.

ORDER

IT IS ORDERED that:

1. Plaintiff Edward Burgess is GRANTED leave to proceed on Eighth Amendment deliberate indifference claims against defendants Ryan Shima and Brian Benish.

2. Defendants' motion to dismiss Burgess's state-law negligence claims, Dkt. 7, is GRANTED.

Entered December 7, 2021.

                                      BY THE COURT:

                                      /s/
                                      _____
                                      JAMES D. PETERSON
                                      District Judge