IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD BURGESS,

                Plaintiff,

v.

RYAN SHIMA and BRIAN BENISH,

                Defendants.

OPINION AND ORDER

21-cv-401-jdp

---

    Plaintiff Edward Burgess broke his leg when he fell from a prison transport van after an out-of-prison medical appointment. Defendants are the Prairie du Chien Correctional Institution correctional officers who transported him. Burgess alleges that defendants violated his rights by failing to assist him in exiting the van. At screening, I dismissed Burgess's negligence claims for failure to comply with Wisconsin's notice-of-claim statute, but I allowed Burgess to proceed with a claim under the Eighth Amendment. Dkt. 16, at 1.

    Defendants now move for summary judgment, on the grounds that they were not deliberately indifferent to Burgess's risk of falling and that they are entitled to qualified immunity. Dkt. 19. The Eighth Amendment claim depends on disputed facts, so it cannot be resolved on summary judgment. The right of a disabled and restrained inmate to assistance in making a treacherous descent is clearly established in a binding case with similar facts, *Anderson v. Morrison*, 835 F.3d 681 (7th Cir. 2016), so defendants are not entitled to qualified immunity.

ALLEGATIONS OF FACT

    The following facts are undisputed except where noted.

Burgess is now incarcerated at Columbia Correctional Institution, but the events at issue took place while he was incarcerated at Prairie du Chien Correctional Institution. Burgess weighs nearly 300 pounds. He has arthritis in his left knee and plantar fasciitis in his right foot. He uses a wheelchair or crutches to get around. Correctional officers regularly transported Burgess to and from medical appointments to treat his arthritis, and they were generally aware of the limits of his mobility.

On August 3, 2021, Sergeant Ryan Shima and Correctional Officer Brian Benish transported Burgess in a non-handicap-accessible van to Gunderson Boscobel Area Hospital for a cortisone shot. During transport, Burgess's wrists were shackled to his waist, and his ankles were shacked so that he could move his legs only six to eight inches. Defendants transported Burgess from the prison to the appointment in a wheelchair. When they got back to the prison, Shima placed a small stool on the ground outside the van's rear passenger door, while Benish attended to other tasks. Shima acknowledged that it was particularly "treacherous" and "complicated" for Burgess to step onto the stool from the van because of his size and limited mobility, and he acknowledges that prison protocols called for transport officers to provide hands-on support to shackled inmates exiting the transport vans. Dkt. 41 (Shima Dep. 62:4–64:4). Whether Shima provided Burgess with hands-on assistance is genuinely disputed. According to Burgess, Shima did not provide him with hands-on support and he ignored his requests for help. According to Shima, he provided his right arm for support when Burgess exited the van. Benish's deposition provides some corroboration for Burgess's version: Benish testified that he heard Burgess complaining about having difficulty exiting the van. Dkt. 42 (Benish Dep. 26:1–6).

It is undisputed that when Burgess stepped out of the van and put his right foot onto the stool, the stool flipped and his left leg became caught and twisted behind the van seat. Burgess was immediately taken to the hospital by ambulance. X-rays confirmed that he had fractured his left leg in two places. Burgess needed surgery and physical therapy, and he still suffers from leg and knee pain.

ANALYSIS

The Eighth Amendment does not mandate comfortable prisons, but neither does it tolerate inhumane conditions. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To succeed on his claim under the Eighth Amendment, Burgess would have to prove two things: first, that he was exposed to an unsafe condition, one so serious that it amounts to the deprivation of "the minimal civilized measure of life's necessities"; and second, that defendants were "deliberately indifferent," which means that they knew of and consciously disregarded the risk to Burgess's safety. *Id*. at 834. Deliberate indifference requires more than ordinary or gross negligence, but it does not require the intent to cause harm. *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017).

Shima and Benish are entitled to summary judgment if Burgess lacks sufficient evidence to prove an essential element of his case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, Burgess "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The court does not weigh the evidence at summary judgment or determine credibility. The court's task is to determine whether the non-moving party, Burgess here, has evidence to support each element that he must prove. The court must view the evidence in the light most favorable to Burgess

and give him the benefit of reasonable inferences. *Anderson,* 477 U.S. at 249. So, for purposes of evaluating defendants' motion for summary judgment, the court accepts Burgess's version of the facts, and it will assume that Burgess could show that Shima did not assist Burgess in leaving the van, and that both Shima and Benish heard Burgess's requests for help and ignored them. *Id*.

A.  **Merits of the Eighth Amendment claim**

Defendants do not challenge Burgess's showing on the first element of his Eighth Amendment claim. Defendants are correct that their violation of inmate transport safety protocols is not itself enough to establish a dangerous condition sufficiently serious to implicate the Eighth Amendment. *See Estate of Simpson,* 863 F.3d at 746. But the seriousness of the risk is not genuinely contested, as Shima himself acknowledged that it was treacherous for a disabled and restrained inmate to exit the van. The court concludes that Burgess has adduced sufficient evidence to meet his burden on the first element.

Shima and Benish contend that Burgess cannot establish the second element of his Eighth Amendment claim because they were not deliberately indifferent to Burgess's risk of falling. Defendants argue that Shima did not disregard the risk of falling because he put down a step stool and held Burgess's arm. As explained above, whether Shima held Burgess's arm is a disputed fact and I must accept Burgess's version. So the question is whether putting down the step stool would foreclose a reasonable jury from concluding that defendants had consciously disregarded a serious risk to Burgess's safety.

Defendants' argument is based on the idea that a correctional officer cannot be deliberately indifferent so long as he takes some measure to protect an inmate from a known risk. Defendants cite no authority to support this idea, and the court has found none. A

4

correctional officer cannot avoid liability by making a gesture that is obviously inadequate to protect against a serious known risk. In this case, Burgess was so disabled that normally he could move around only with a wheelchair or crutches. And on the return from the hospital, he was shackled at his ankles, which sharply increased his risk of falling. His wrists were shackled to his waist, which prevented him from protecting himself if he did fall. Defendants were aware of all these facts. A reasonable jury could find that, under these circumstances, placing a step stool outside the van was clearly inadequate to protect Burgess from an obvious risk of a serious fall, and that defendants consciously disregarded a known risk to Burgess's safety.

Defendants are not entitled to summary judgment on the merits of Burgess's claim.

**B. Qualified Immunity**

Defendants also contend that they are entitled to qualified immunity, which shields officials from civil liability so long as their actions did not violate a clearly established statutory or constitutional right that a reasonable person would have known. *Mullenix v. Luna,* 577 U.S. 7, 11 (2015). To defeat defendants' defense of qualified immunity, Burgess has the burden to show that the constitutional right he asserts was clearly established at the time of the alleged violation. *Williams v. City of Chicago*, 733 F.3d 749, 758 (7th Cir. 2013); *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008).

A right is clearly established only if "existing precedent [has] placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). The court begins the analysis with controlling Supreme Court and Seventh Circuit precedent. *Gill v. City of Milwaukee*, 850 F.3d 335, 341 (7th Cir. 2017). In the absence of controlling precedent, the court can look to decisions outside the circuit to determine whether an unmistakably clear

5

trend demonstrates that the recognition of the right is inevitable. *Id*. A case directly on point is not required, but Burgess must come forward with a closely analogous case that recognizes the asserted right in a factually similar context. *Howell v. Smith*, 853 F.3d 892, 897 (7th Cir. 2017). Burgess cites one controlling case, *Anderson v. Morrison*, 835 F.3d 681 (7th Cir. 2016), to meet his burden on the second prong of the qualified immunity analysis.

*Anderson* involved an inmate in handcuffs who fell descending greasy, debris-filled stairs, after correctional officers refused to help him. The district court had granted a motion to dismiss the complaint on the grounds that the risk of falling was not serious enough to implicate the Eighth Amendment. The district court relied on *Pyles v. Fahim*, 771 F.3d 403 (7th Cir. 2014), one of several cases holding that slippery prison floors pose ordinary risks that do not constitute a dangerous condition of confinement that would violate the Eighth Amendment.

But the Seventh Circuit reversed, holding that three circumstances distinguished Anderson's situation from that in *Pyles*. First, the stairway was not just wet, but greasy and cluttered with debris. The stairway was an "obstacle course," not just a common slippery floor. *Anderson*, 835 F.3d at 683. Second, Anderson was handcuffed behind his back, thus preventing him from protecting himself. Third, the officers refused to assist Anderson. The court concluded that Anderson faced a risk of far greater injury on the stairs than on an ordinary wet floor, and the filthy condition of the stairs was not an ordinary and unavoidable consequence of a prison shower area. The court held that Anderson had stated a claim for relief under the Eighth Amendment.

Defendants argue that *Anderson* is not analogous to the facts here because Shima had thousands of past successful transports, Burgess was not handcuffed behind his back, and Burgess was not faced with slippery surface. But these are inconsequential details. *Anderson*

recognizes an inmate's right to be free from unusual treacherous conditions, grounded in a highly similar factual context. Burgess was restrained; he faced a treacherous descent from the van; the correctional officers refused to assist him. The Seventh Circuit decision in *Anderson* is sufficient to put defendants on notice of Burgess's right to assistance in descending from the van. Defendants are not entitled to qualified immunity.

ORDER

IT IS ORDERED that Defendants Shima and Benish's motion for summary judgment, Dkt. 19, is DENIED.

Entered July 14, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge